UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAMARR ROWELL,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STEVE SISOLAK, et al.,<br><br>　　　　　　　　　Defendants. | 3:20-cv-00038-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Lamarr Rowell's ("Rowell"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), his motion for temporary restraining order ("TRO") (ECF No. 1-2), and his motion for appointment of pro bono counsel (ECF No. 1-3). For the reasons stated below, the court recommends that Rowell's *in forma pauperis* application (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed, his motion for TRO (ECF No. 1-2) be denied as moot, and his motion for appointment of counsel (ECF No. 1-3) be denied as moot.

I.　***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Rowell cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In his complaint, Rowell sues Defendants Governor of the State of Nevada Steve Sisolak ("Sisolak"), Director of the State of Nevada's Department of Health and Human Services, Division of Welfare and Supportive Services ("Division") Richard Whitley ("Whitley"), Director of the Division Steve Fisher ("Fisher"), and Employee of the Division Jane Doe under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Rowell asserts one claim and seeks injunctive, declaratory, and monetary relief. (*Id.* at 2.)

Rowell's complaint alleges the following: On December 31, 2019, Rowell applied for a cash grant for rental assistance under Temporary Assistance for Needy Families ("TANF") and was interviewed by Jane Doe, an employee of the Division. (*Id.* at 1-2.) Rowell provided a doctor's letter indicating his inability to work and documentation that he was in the process of applying for social security disability benefits, which he had previously been approved for. (*Id.* at 2.) Rowell alleges that Jane Doe denied his request pursuant to "Manual Section A-300," which provides cash grants for rental assistance for people under the age of 18 along with their parents, who are also allowed to continue to work their jobs. (*Id.*) Rowell claims

1  this action violates his right to be treated equally under the law because he is a disabled
2  senior citizen who is currently unable to work and has the "same exact needs" as people
3  under 18 and their adult parents. (*Id.*) Rowell asserts that TANF discriminates based on
4  age and disability and is fundamentally unfair because there is no other substitute by which
5  the same assistance can be obtained. (*Id.* at 1.) Based on the allegations, Rowell asserts
6  a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at
7  2.)

8  First, the court recommends that Defendants Sisolak, Whitley, and Fisher be
9  dismissed from this action as there are no allegations made against them in the complaint.

10  As to Defendant Jane Doe, Rowell indicates he is suing her in both her individual and
11  official capacities. (*Id.* at 1.) A suit against a state official in her official capacity is not a suit
12  against the official but rather is a suit against the official's office. *Will v. Michigan Dept. of*
13  *State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Thus,
14  in suing Jane Doe in her official capacity, Rowell is essentially suing the Division, a state
15  agency. *See Will*, 491 U.S. at 71. Therefore, the court recommends that the official capacity
16  claim be dismissed with prejudice, as amendment would be futile, based on Eleventh
17  Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951
18  F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment's jurisdictional bar
19  covers suits naming state agencies and departments as defendants, and applies whether
20  the relief sought is legal or equitable in nature"); *see also* NRS 41.031(3) (stating that the
21  State of Nevada does not waive its Eleventh Amendment immunity).

22  To state a claim against Jane Doe in her individual capacity pursuant to 42 U.S.C. §
23  1983, Rowell must allege: (1) the violation of a federally-protected right by (2) a person or
24  official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067
25  (9th Cir. 2006). Based on the allegations, it appears Jane Doe was working under the color
26  of state law as an employee of the Division, so only the first factor will be discussed.
27  ///

Rowell alleges Jane Doe violated his right to equal protection of the laws.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Rowell asserts an age and disability-based discrimination claim—that his request for TANF assistance was denied based on him being a disabled, senior citizen. (*See* ECF No. 1-1 at 1-2.)

The disabled "are not a protected class for purposes of equal protection under the Fourteenth Amendment."  *Gamble v. Escondido*, 1104 F.3d 300, 307 (9th Cir. 1996) (citing *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 446 (1985)); *see also Lee*, 250 F.3d at 686 (holding, "the disabled do not constitute a suspect class for equal protection purposes.")  Similarly, age is not a suspect class because it does not conform to the typical definition of a suspect class as one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness…."  *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) (holding that those over the age of 50 did not constitute a suspect class and that the aged "have not experienced a history of purposeful unequal treatment…."); *see also Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991) (applying the rational basis test to a claim of age discrimination because "[the Supreme Court] has repeatedly said that age is not a suspect classification under the equal protection clause.").  Thus, because neither disability nor age are suspect classes, the court applies the rational basis test.

Applying rational basis review, the classification survives an equal protection challenge if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.  *See Heller v. Doe*, 509 U.S. 312, 320 (1993).  Under the rational basis test, the court does "not require that the government's action actually advance its stated purposes, but merely look[s] to see whether the government could have had a legitimate reason for acting the way it did."  *Nat'l Ass'n for Advancement of Psychoanalysis*

*v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000) (citations omitted).

Withholding government funds from some so as to provide for others is a legitimate state interest. For example, in *Lipscomb,* the Ninth Circuit found that the state, in excluding foster parents that were related to the adopted child from receiving state funding, "simply [did] not have enough money to pay for every child needing foster care." *Lipscomb By & Through DeFehr v. Simmons*, 962 F.2d 1374, 1380 (9th Cir. 1992). Thus, the court found that the choice to exclude some families so more funds would be available for others bore "a rational relationship to the legitimate purpose of maximizing the level of benefits available to all the children in the foster care program." *Id.* Additionally, in *Lyng,* the Supreme Court examined a definition of "household" for purposes of disbursing food stamps that would disqualify certain people from receiving benefits. *Lyng v. Int'l Union, United Auto., Aerospace & Agr. Implement Works of Am., UAW*, 485 U.S. 360, 371 (1988). In upholding the definition, the Court noted, "protecting the fiscal integrity of Government programs, and of the Government as a whole, "is a legitimate concern of the State.'" *Id.* at 373 (quoting *Ohio Bureau of Emp't. Servs. v. Hodory*, 431 U.S. 471, 493 (1977)). The Court also stated that their "review of distinctions Congress draws in order to make allocations from a finite pool of resources must be deferential...." *Id.*

Here, Rowell alleges he was denied rental assistance under TANF, which is a grant program, administered under Title IV-A of the Social Security Act ("SSA"), and provides eligible states with funds to assist needy families. *See* 42 U.S.C. § 601. Conducting a review of an adult's claim for benefits is a legitimate means of determining the adult's eligibility for such benefits, and a government agency is entitled to independently review adult applications for aid to ensure the appropriate allocation of the government's resources. Further, the court notes that despite Rowell's contentions, there are housing and rental assistance programs specifically for the elderly and disabled made available through the Department of Housing and Urban Development ("HUD") and administered through local

Public Housing Authorities ("PHAs").[2] Because the government's conduct at issue here is rationally related to a legitimate purpose, and other resources exist for rental assistance, Rowell has failed to state an equal protection claim and therefore, the court recommends that his complaint be dismissed, in its entirety, for failure to state a claim.

In light of this Report and Recommendation, the court also recommends that Rowell's motion for TRO (ECF No. 1-2) and motion for appointment of counsel (ECF No. 1-3) be denied as moot.

## IV. CONCLUSION

For the reasons articulated above, the court recommends that Rowell's application to proceed *in forma pauperis* (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed, his motion for TRO (ECF No. 1-2) be denied as moot, and his motion for appointment of counsel (ECF No. 1-3) be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

---

[2] *See* HUD, Rental Assistance, https://www.hud.gov/topics/rental_assistance (last visited May 5, 2020); *see also* HUD, Rental Help: Nevada, https://www.hud.gov/states/nevada/renting (last visited May 5, 2020); *see also* HUD, Housing Resources for Seniors: Nevada, https://www.hud.gov/states/nevada/homeownership/seniors (last visited May 5, 2020); *see also* USA, Housing for Senior Citizens, https://www.usa.gov/housing-help-audiences#item-36852 (last visited May 5, 2020); *see also* City of Reno, Affordable Housing Resources, https://www.reno.gov/government/departments/community-development-department/housing-homeless-resources/affordable-housing-resources (last visited May 5, 2020).

Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Rowell's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Rowell's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Rowell's complaint (ECF No. 1-1) be **DISMISSED**, in its entirety, for failure to state a claim;

**IT IS FURTHER RECOMMENDED** that Rowell's motion for TRO (ECF No. 1-2) be denied as moot;

**IT IS FURTHER RECOMMENDED** that Rowell's motion for appointment of counsel (ECF No. 1-3) be denied as moot; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED:** May 5, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**